**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**CENTRAL DIVISION**
**LEXINGTON**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 5:20-CR-060-GFVT-MAS-1 |
| v. ) | |
| ) | |
| JOHN WILLIAM LAWSON, ) | |
| ) | |
| Defendant. ) | |

## OPINION & ORDER

Defendant John Lawson asks the Court to rehear his suppression motion [DE 21]. Lawson claims that he was unable to adequately hear the full proceeding, constituting a violation of unspecified rights. [DE 32]. The Government responded, arguing that Lawson had no right to be physically present at the hearing or to dictate defense counsel's precise examination of the witness. [DE 34]. For the reasons that follow, the Court denies Lawson's motion for rehearing.

### I.  RELEVANT FACTS

In late August 2020, Lawson filed a motion to suppress the fruits of vehicle and residence searches stemming from an insurance-based traffic stop in February 2020. [DE 21]. Lawson claimed that the Automated Vehicle Information System ("AVIS") readback on his vehicle that indicated need for insurance verification—the officer's sole basis for the stop—was unreliable and did not give rise to reasonable suspicion of any violation. Per relevant case law, the dispositive issues were simply whether AVIS was sufficiently reliable, and, relatedly, whether the stopping officer was appropriately familiar with the database. Lawson raised no factual issues concerning the stop circumstances in his motion.

Following briefing, the Court heard the motion on September 21, 2020. [DE 29]. Due to COVID-19 restrictions on cross-facility transport to and from the courthouse, Lawson participated in the suppression hearing via videoconference.[1] After initial difficulty hearing the proceeding from the detention center, the facility adjusted the audio, and the Court promised to speak as loudly as possible for Lawson's benefit. [Hearing Recording, at 00:25–00:35]. The Court was able to hear Lawson and other sound from the jail. Lawson verbally expressed no further difficulty hearing during the remainder of the proceeding. Nor did Lawson gesture or make any visible attempt to alert the Court (or, per the motion, defense counsel) to such an issue. The Court remained in direct view of Lawson's video and was able to observe him clearly during the entirety of the hearing. Only Detective Gerald Salyer, who conducted the at-issue traffic stop, testified at the suppression hearing. [DE 30]. As the audio recording of the hearing demonstrates, Detective Salyer's testimony was limited to facts bearing on his familiarity with AVIS and AVIS's reliability and accuracy. Neither party raised, and the Court did not hear proof on, any contested facts relating to the stop details. Indeed, there were no factual disputes before the Court at all; the sole question was the legal sufficiency of the proof as to the reliability of the AVIS system.

Following the hearing and after thorough consideration of the record and relevant legal issues, the Court recommended denial of Lawson's suppression motion. [DE 31, Report and Recommendation]. This motion for rehearing followed.

## II.   ANALYSIS

Lawson claims that he was unable to hear the full suppression hearing. He asserts that he had a right to participate in the hearing in person, arguing that the outcome of the proceeding would

---

[1] All other hearing participants, including both counsel and the undersigned, were physically present in the courtroom.

have been different had he been able to direct counsel's questioning of Detective Salyer. The Court disagrees for several reasons.

Initially, Lawson points to no authority guaranteeing his right to be physically present—or present at all—at a pretrial suppression hearing. Rule 43 explicitly protects a defendant's right to be present at the initial appearance, arraignment, any plea hearing, all trial stages, and sentencing. Fed. R. Crim. P. 43(a). The Sixth Circuit has confirmed that Rule 43's presence right does not, however, extend to pretrial suppression hearings (even evidentiary ones). *See United States v. Burke*, 345 F.3d 416, 421–22 (6th Cir. 2003).[2] *See also United States v. Rosenschein*, No. CR 16-4571 JCH, 2020 WL 4227852, at *3 (D.N.M. July 23, 2020) ("[T]he text of Rule 43 does not support the conclusion that Defendant has a right to be present at the suppression hearing."); *id.* at *2 (collecting cases concluding that Rule 43 does not apply to other pretrial evidentiary hearings, *e.g.*, *Daubert* hearings and hearings on motions *in limine*).

Similarly, the Sixth Amendment right to confront witnesses applies, if at all, to a much lesser extent at a pretrial suppression hearing than at a trial. *Id.* at 426 (quoting *Barber v. Page*, 390 U.S. 719, 725 (1968)) (observing that "the Supreme Court has repeatedly explained that '[t]he right to confrontation is basically a trial right'"); *see also United States v. Davis*, 361 F. App'x 632, 636 (6th Cir. 2010) (quoting *United States v. Raddatz*, 447 U.S. 667, 679 (1980)) (collecting cases questioning whether the confrontation right applies at all at suppression hearings and noting that, even if it does, it would apply less forcefully because "the interests at stake in a suppression

---

[2] Additionally, as discussed *infra* and as an independent Rules-based reason for rejecting Lawson's position, Lawson's physical presence would not have affected the hearing outcome. *Burke*, 345 F.3d at 424 (quoting *United States v. Harris*, 9 F.3d 493, 499 (6th Cir. 1993)) ("[T]he rule requiring a defendant's presence at every stage of the trial must be considered with Rule 52(a) of the Federal Rules of Criminal Procedure, [which provides] that harmless error is to be disregarded."). Likewise, per *Burke*, Rule 26's open-court testimony requirement affords no relief basis in this scenario. *See id.*

hearing are of a lesser magnitude than those in the criminal trial itself"). And, even where the right *does* apply with full force (*i.e.*, at trial), the right to physical, in-person confrontation is far from unqualified. *Burke*, 345 F.3d at 425 (quoting *Maryland v. Craig*, 497 U.S. 836, 852 (1990)) ("But the physical confrontation right is not absolute, and alternatives such as video-confrontation may be acceptable where 'necessary to further an important policy.'").

Neither did Lawson's video appearance at the suppression hearing, or his asserted difficulty hearing during the proceeding, compromise his right to confer with and receive effective assistance from counsel. Lawson does not suggest that he was unable to fully discuss suppression strategy and arguments with counsel prior to the hearing. During the hearing itself, he did not have an unfettered right to control his counsel's questioning of the witness. *See* 28 U.S.C. § 1654 (permitting, in the disjunctive, parties to "plead and conduct their own cases personally *or* by counsel") (emphasis added); *cf. United States v. Dunn*, No. 2:08-CR-20429-STA, 2012 WL 1680969, at *1 (W.D. Tenn. Mar. 27, 2012), *report and recommendation adopted*, No. 08-20429, 2012 WL 1680940 (W.D. Tenn. May 13, 2012), *aff'd sub nom. United States v. Evans*, 549 F. App'x 397 (6th Cir. 2013) ("It is well-settled that a litigant who is represented by counsel has no constitutional right to demand that the Court also consider *pro se* arguments, pleadings, or motions."); *Wilson v. Hurt*, 29 F. App'x 324, 328 (6th Cir. 2002) (emphasizing that a "defendant has no right to demand hybrid representation" comprising both counseled and independent litigation efforts).

Further, defense counsel had full opportunity to cross-examine Detective Salyer about the AVIS system on behalf of Lawson. The record reflects counsel's thorough questioning. Nor did counsel—or the Court—ignore any visible or audible attempts from Lawson to interject or intervene during the hearing. Given Lawson's willingness to inform the Court when he could not

4

properly hear at proceeding outset (and, as the Government notes, Lawson's broader propensity for readily alerting the Court to perceived issues generally), there was no reason for any hearing participant to suspect that an audio issue persisted. *See Banda v. United States*, No. CV 113-080, 2014 WL 3363033, at *7 (S.D. Ga. July 9, 2014) ("An attorney can only be reasonably expected to act on information provided by his client."); *cf. United States v. Tai*, No. CR 10-769, 2018 WL 4615972, at *7 (E.D. Pa. Sept. 26, 2018) (reasoning that, as the defendant "never indicated he was unable to hear large portions of proceedings" at trial and "given [the defendant]'s practice of alerting [counsel] when he could not hear," counsel "had no reason to believe [the defendant]'s difficulty hearing extended beyond what he brought to [counsel]'s attention").

Moreover, as a practical matter, no facts within Lawson's knowledge were at issue during the hearing. The details and circumstances of the stop itself, as far as it factually concerned Lawson, were undisputed. Lawson's motion contested only the constitutionality of an AVIS-based stop. There is no indication whatsoever that Lawson could have offered useful insight into or clarification of the proof pertaining to AVIS reliability or Detective Salyer's personal familiarity with the system. Thus, there is no evidence that Lawson's direct involvement in questioning Detective Salyer would have materially shaped the proof presented or led to a better-informed result. To rehear the motion sans potential for additional illumination of the dispositive issues would squander Court and party time and resources and senselessly elevate form over substance. And, to the extent Lawson fairly seeks involvement in crafting any objections to the Report & Recommendation, the recording of the proceeding adequately captures all hearing events. The recording clearly and accurately reflects the full audio from the proceeding.

Lastly, the Court finds that Lawson's asserted hearing difficulty did not violate his Fifth Amendment due process right in this context. The Due Process Clause enshrines a defendant's

5

right to be present "to the extent that a fair and just hearing would be thwarted by his absence[.]" *Kentucky v. Stincer*, 482 U.S. 730, 745 (1987).  However, the Supreme Court has recognized "that 'the process due at a suppression hearing may be less demanding and elaborate than the protections accorded the defendant at the trial itself.'"  *Burke*, 345 F.3d at 426 (quoting *Raddatz*, 447 U.S. at 679).  The *Burke* court rightly questioned whether the defendant's "right to a fair and just hearing would have been thwarted even had he been entirely excluded from his suppression hearing." *Id.*; *see also Yates v. United States*, 418 F.2d 1228, 1229 (6th Cir. 1969) (finding "no merit to [the appellant's] claim" that his "constitutional rights were violated because he was excluded from the hearing to suppress evidence").  In any event, for the reasons already discussed, there is no indication that further direct participation from Lawson would have benefited or altered the hearing outcome.  And Lawson surely had no guaranteed right to micromanage counsel's cross-examination or hearing performance to the degree he suggests.

Accordingly, the Court cannot conclude that Lawson's auditory difficulties, even if present, prevented a fair and just proceeding.  No Fifth Amendment violation pertains.

### III.   CONCLUSION

In sum, the Court finds no legal support for Lawson's argued right to physical presence at his pretrial suppression hearing.  Any prolonged hearing lapses stemmed from Lawson's own failure to alert the Court to audio issues and, regardless, did not meaningfully impact the proceeding or recommended result.  The Court finds no constitutional violation under the circumstances.  Further, the complete audio recording of the hearing preserves Lawson's unimpaired ability to consult with counsel concerning any objections to the recommended suppression motion disposition.

Accordingly, for the reasons thoroughly here outlined, the Court **DENIES** the DE 32 request for rehearing.

Entered this the 16th day of October, 2020.



Signed By:
Matthew A. Stinnett   MAS
United States Magistrate Judge